FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br>                 Plaintiff, <br><br>     v. <br><br> FIRST CAPITAL REAL ESTATE INVESTMENTS, LLC, a California limited liability company; MR. SUNEET SINGAL and MRS. MAJIQUE LADNIER, individually and as the marital community comprised thereof, <br><br>                 Defendants. | NO: 2:17-CV-145-RMP <br><br> ORDER STRIKING DEFENDANTS' FIRST, SECOND, FOURTH, AND FIFTH AFFIRMATIVE DEFENSES |

BEFORE THE COURT is Plaintiff's Partial Motion to Dismiss Defendants' Affirmative Defenses, ECF No. 20. Plaintiff moves to dismiss Defendants' first, second, fourth, and fifth affirmative defenses. *See* ECF No. 20. The Court has reviewed the pleadings and the record, and is fully informed.

## BACKGROUND

Plaintiff Red Lion Hotels Franchising, Inc., brings this breach of contract suit against Defendants to recover amounts under three contracts of guaranty for

ORDER STRIKING DEFENDANTS' FIRST, SECOND, FOURTH, AND FIFTH AFFIRMATIVE DEFENSES ~ 1

payments allegedly owed by three entities under franchise license agreements ("FLAs") made with Plaintiff. ECF No. 1. Plaintiff alleges that the three franchise entities in question are in default of amounts owed to Plaintiff under their FLAs. *Id.* Plaintiff alleges that Defendant First Capital Real Estate Investments, LLC, is the managing member of the three franchise entities. *Id.*, ¶ 3.3. Plaintiff further alleges that the named Defendants, as the principals behind the franchise entities, signed the guaranty contracts that Plaintiff alleges have been breached. *Id.*, ¶ 3.5.

The Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. Plaintiff is a corporation licensed in Washington. ECF No. 1, ¶ 1.1. Defendant First Capital Real Estate Investments, LLC, is a foreign limited liability company. *Id.*, ¶ 1.2. Defendants Suneet Singal and Majique Ladnier reside in California. *Id.*, ¶ 1.3. The amount in controversy is $1,265,220.53, which exceeds the statutory requirement of $75,000. *Id.*, ¶¶ 4.6, 4.12, 4.18.

## DISCUSSION

In its motion to dismiss several of Defendants' affirmative defenses, Plaintiff argues that four of the five asserted affirmatives defenses are not legally sustainable. ECF No. 20 at 5. Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings. *See id.* at 9.

"The Court notes that a plaintiff's motion for judgment on the pleadings shall not be granted *unless* all of the defenses raised in the answer are legally

insufficient." *Burns v. Consol. Amusement Co.*, 182 F.R.D. 609, 611 (D. Haw. 1998) (emphasis in original) (citing Fed. R. Civ. P. 12(c)). Instead, "if one or more of the defenses are viable, plaintiff's motion should be brought as a motion to strike within [21] days after service of the answer." *Id.* (citing Fed. R. Civ. P. 12(f)). The court may also act on its own to strike from a pleading an insufficient defense. Fed. R. Civ. P. 12(f).

Plaintiff does not argue that all of Defendants' affirmative defenses are insufficient as a matter of law. Therefore, the Court will construe Plaintiff's motion as a motion to strike Defendants' first, second, fourth, and fifth affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

Defendants filed their answer on May 19, 2017. *See* ECF No. 9. Plaintiff filed its motion for dismissal of Defendants' affirmative defenses, which the Court construes as a motion to strike, on February 20, 2018. *See* ECF No. 20. To comply with Rule 12(f), Plaintiff needed to file its motion by June 9, 2017. *See* Fed. R. Civ. P. 12(f). Plaintiff delayed eight months in filing its motion.

However, Defendants also did not respond timely to Plaintiff's motion. According to LR 7.1(b), counsel in a civil case has 21 days after the filing of a dispositive motion to file a response. "The failure to comply with the requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rules." LR 7.1(d).

Although both parties have failed to follow the relevant procedural rules, Fed. R. Civ. P. 12(f) authorizes the Court to act on its own to strike from a pleading an insufficient defense.

### Legal Standard for Striking Affirmative Defense

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may include both denials and affirmative defenses. *Defense*, Black's Law Dictionary (10th ed. 2014); *see also* Fed. R. Civ. P. 8. A responding party must make general or specific denials to the substance of the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b). A responding party also "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

Federal Rule of Civil Procedure 8(c) defines whether the procedural pleading of an affirmative defense is "sufficient." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Rule 8(b) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8(c) states that "a party must affirmatively state any avoidance or affirmative defense," including such defenses as laches and violations of a statute of limitations. Fed. R. Civ. P. 8(c). "Of course, affirmative defenses, like all pleadings, must also satisfy Rule 11." *In re Washington Mut., Inc. Secs., Derivative & ERISA Litig.,* 08-MD-1919 MJP, 2011 WL 1158387, at *1 (W.D. Wash. Mar. 25,

2011) (striking certain affirmative defenses). Federal Rule of Civil Procedure 11 requires all pleadings to be presented for a proper purpose; warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and supported or likely to be supported by evidence. Fed. R. Civ. P. 11(b).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts were left with a heightened pleading standard: "While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions." *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (applying the heightened pleading standard to affirmative defenses). Courts are in disagreement about whether or not affirmative defenses are subject to the heightened standard. Although the court in *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program* applied the heightened standard, *see* 718 F. Supp. 2d at 1171, numerous other courts within the Ninth Circuit have held that the heightened standard should not apply to affirmative defenses. *See e.g., Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241-42 (D. Nev. 2014) (holding that an affirmative defense must identify the legal theory upon which it rests but need not assert facts making it plausible). The common thread throughout this line of cases is the Ninth Circuit standard from *Wyshak v. City Nat. Bank* that "[t]he key to determining the

sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).

Pursuant to Fed. R. Civ. P. 15(a), if a court finds that a defense is inadequately pled, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak*, 607 F.2d at 826-27 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Plaintiff argues that the following four of Defendants' five asserted affirmative defenses should be stricken. *See* ECF No. 20. Defendants' first affirmative defense states that Defendants' obligations under the relevant FLAs were satisfied and/or discharged. ECF No. 9 at 6-7. Defendants' second affirmative defense states that "Plaintiff failed to mitigate its damages stemming from the franchisees/licensees' failure to perform their obligations under the relevant FLAs." ECF No. 9 at 7. Defendants' fourth affirmative defense states that "Plaintiff's claims are barred in full or part by its violation of its duties under RCW 19.100 *et seq*." ECF No. 9 at 7. Defendants' fifth affirmative defense states that the action should be stayed pending the completion of arbitration of the disputes by Plaintiff and the franchisees/licensees. ECF No. 9 at 7.

### *Principles Underlying Guaranty Agreements*

The common law of guaranty contracts defines a "guaranty" as an "undertaking or promise on the part of one person which is collateral to a primary or

principal obligation on the part of another, and which binds the obligor to performance in the event of nonperformance by such other, the latter being bound to perform primarily." *In re Bond Issuance of Greater Wenatchee Reg'l Events Ctr. Pub. Facilities Dist.*, 287 P.3d 567, 575 (Wash. 2012) (quoting *Robey v. Walton Lumber Co.*, 135 P.2d 95, 101 (Wash. 1943)). "A contract of guaranty, being a collateral engagement for the performance of an undertaking of another, imports the existence of two different obligations, one being that of the principal debtor and the other that of the guarantor." *Wilson Court Ltd. P'ship v. Tony Maroni'S*, 952 P.2d 590, 598 (Wash. 1998) (quoting *Robey*, 135 P.2d at 101-02). "The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation." *Robey*, 135 P.2d at 102. The undertaking of a primary obligation is independent of the promise of the guaranty, "and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral." *Id.*

A guaranty may be either absolute or conditional. *In re Bond Issuance*, 287 P.3d at 575.

> An absolute guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract *on default of the principal debtor or obligor,* the most usual form of an absolute guaranty being that of payment. . . . A guaranty is deemed to be absolute unless its terms import some condition precedent to the liability of the guarantor.

*Robey*, 135 P.2d at 102 (emphasis added) (citing *Sherman, Clay & co. v. Turner,* 2 P.2d 688 (Wash. 1931) and quoting 28 Corpus Juris 895 (Am. Law Book Co. 1922)).[1]  An absolute guaranty is an "undertaking to pay a debt at maturity or perform an agreement if the principal does not pay or perform."  *Century 21 Prods. v. Glacier Sales*, 918 P.2d 168, 171 (Wash. 1996) (quoting *Joe Heaston Tractor & Implement v. Secs. Acceptance Corp.*, 243 F.2d 196, 200 (10th Cir. 1957)).

Plaintiff provides copies of the guarantee of franchise license agreements signed by Defendants on behalf of each franchise entity.  ECF Nos. 1-1, 1-2, and 1-3.  Defendants admit that they signed the guaranties.  ECF No. 9, ¶ 3.5.  Each guarantee agreement states that "the undersigned hereby unconditionally and irrevocably guarantees the following: (i) the full and prompt payment of all sums owed under the [FLA] at the time and according to the terms expressed therein, including, but not limited to, all fees and charges, interest, default interest, and other costs and fees."  ECF Nos. 1-1, 1-2, and 1-3.  The agreements also state: "This Guarantee is absolute and unconditional."  *Id.*

---

[1] A current reference for guaranty law is 38A C.J.S. Guaranty § 10, which states that "[a] guaranty is absolute if the guarantor promises that the guarantor will perform some act to (or for the benefit of) the creditor when the debtor fails to perform the obligation."

The Court finds that Defendants expressly entered into an absolute guaranty under the language of the agreements, and that the express language of each guaranty requires Defendants to make full and prompt payments owed under the FLAs upon the failure of the franchise entities to perform under the FLAs.

**Defendants' First Affirmative Defense**

Defendants' first affirmative defense states that Defendants' obligations were discharged because the obligations of the franchise entities under the relevant FLAs were satisfied and/or discharged. ECF No. 9 at 6-7. Plaintiff argues that the Court should dismiss this affirmative defense because it relies on the FLAs, which are separate contracts. ECF No. 20 at 10.

Under the common law of guaranty contracts, a guarantor becomes liable for the obligations of the principal when the principal fails to pay or perform under an agreement. *See Century 21 Prods.*, 918 P.2d at 171. Defendants have alleged that no default exists. *See* ECF No. 9.

The Court finds that Defendants' first affirmative defense alleging that Defendants are not liable because the franchise entities have satisfied their obligations is a general denial regarding the substance of Plaintiff's allegations, rather than an affirmative defense. *See* Fed. R. Civ. P. 8. Therefore, the Court strikes Defendants' first affirmative defense without prejudice. If Defendants seek to assert as an affirmative defense that Defendants are not liable because the franchise entities have satisfied their obligations, Defendants may amend their

pleading with specific facts to support their assertions. *See Wyshak*, 607 F.2d at 826-27. Any amendment must comply with the Federal Rules of Civil Procedure. *See id.*

**Second Affirmative Defense**

Defendants' second affirmative defense states that "Plaintiff failed to mitigate its damages stemming from the franchisees/licensees' failure to perform their obligations under the relevant FLAs." *Id.* at 7. Plaintiff argues that Defendants may not escape liability by relying upon the FLAs, which Plaintiff asserts are separate contracts between Red Lion and franchise entities that are not parties to this lawsuit. ECF No. 20 at 10.

Because Defendants expressly entered into an absolute guaranty under the language of the guaranty agreements, their obligation is not conditioned upon the performance of Plaintiff under the FLAs. *See Robey*, 135 P.2d at 102 ("An absolute guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract *on default of the principal debtor or obligor . . . .*" (emphasis in original)). Therefore, the Court strikes Defendants' second affirmative defense, and grants Defendants leave to amend in the absence of prejudice to Plaintiff.

**Defendants' Fourth Affirmative Defense**

Defendants' fourth affirmative defense states that "Plaintiff's claims are barred in full or part by its violation of its duties under RCW 19.100 *et seq.*" ECF

No. 9 at 7. RCW 19.100 *et seq* is Washington's Franchise Investment Protection Act ("FIPA"). FIPA expressly defines "franchisor" and "franchisee," but does not address the rights of guarantors. *See* RCW 19.100 *et seq*. FIPA's aim is to protect franchisees through a comprehensive scheme for regulating franchising in Washington. *See Dep't of Labor & Indus. v. Lyons Enters., Inc.*, 374 P.3d 1097, 1102 (Wash. 2016).

Plaintiff argues that Defendants do not have standing to allege this affirmative defense under FIPA because FIPA provides the right to recover only for franchisors and franchisees. ECF No. 20 at 14-16. Plaintiff argues that Defendants, for the purpose of this lawsuit, are independent guarantors not covered by FIPA. *Id.*

Because this lawsuit relates specifically to the guaranty contracts entered into by Plaintiff and Defendants, the Court finds that Defendants are guarantors without standing under FIPA in the context of this lawsuit. Therefore, the Court strikes Defendants' fourth affirmative defense, and grants Defendants leave to amend in the absence of prejudice to Plaintiff.

**Defendants' Fifth Affirmative Defense**

Defendants' fifth affirmative defense states that the action should be stayed pending the completion of arbitration of the disputes by Plaintiff and the franchisees/licensees. ECF No. 9 at 7. Plaintiff argues that Defendants again rely on the franchise entities' FLAs, which Plaintiff asserts are contracts independent of the guarantee agreements at issue in this lawsuit. ECF No. 20 at 16.

Plaintiff argues that the parties in this matter are not bound by any arbitration clauses in the FLAs. *Id.* at 16-17. Plaintiff further argues that a stay, if granted, would frustrate the purpose of the guaranty contracts. *Id.* at 17.

Defendants are not asserting arbitration between the parties to this action as an affirmative defense. However, Defendants allege that it would be premature for the Court to hear this matter pending the completion of arbitration between Plaintiff and the franchise entities involved in the dispute. ECF No. 9 at 7.

The dispute between Plaintiff and the relevant franchise entities is not before the Court, and the Court finds that any arbitration that may take place between non-parties to this lawsuit is not a viable affirmative defense in this lawsuit. If Defendants seek a stay, Defendants may move for a stay, pursuant to the relevant procedural rules. Therefore, the Court strikes Defendants' fifth alleged affirmative defense, and grants Defendants leave to amend in the absence of prejudice to Plaintiff.

In conclusion, the Court denies Plaintiff's Motion to Dismiss Defendants' Affirmative Defenses, which the Court construes as a motion to strike pursuant to Fed. R. Civ. P. 12(f), because the motion was untimely. However, the Court finds that Defendants have not sufficiently pled their first, second, fourth, and fifth affirmative defenses. *See* ECF No. 9 at 6-7. Therefore, the Court strikes Defendants' first, second, fourth, and fifth affirmative defenses.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Partially Dismiss Defendants' Affirmative Defenses, **ECF No. 20**, is **DENIED**.

2. Defendants' first, second, fourth, and fifth affirmative defenses are **STRICKEN**.

3. Defendants' deadline to amend their answer is **June 12, 2018**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 22, 2018.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge