FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC.,<br><br>                 Plaintiff,<br><br>    v.<br><br>FIRST CAPITAL REAL ESTATE INVESTMENTS, LLC, a California limited liability company; MR. SUNEET SINGAL and MRS. MAJIQUE LADNIER, individually and as the marital community comprised thereof,<br>                 Defendants. | NO: 2:17-CV-145-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment, ECF No. 30. The Court heard oral argument on August 28, 2018. Alexander A. Baehr appeared on behalf of Plaintiff Red Lion Hotels Franchising, Inc. ("Red Lion"). Scott Weaver appeared on behalf of Defendant First Capital Real Estate Investments, LLC; Defendant Mr. Suneet Singal; and Defendant Ms. Majique Ladnier (collectively, "Defendants"). The Court has heard the parties' arguments, has reviewed the pleadings and considered the record, and is fully informed.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~1

## BACKGROUND

Red Lion brings this breach of contract action against three franchise entities in default of amounts owed to Red Lion under their Franchise Licensing Agreements ("FLAs"). ECF No. 1. The parties agree that Defendants signed the guaranty contracts that Red Lion alleges have been breached. *Id.*, ¶ 3.5; ECF No. 37 at 5.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. Plaintiff is a corporation licensed in Washington. ECF No. 1 ¶ 1.1. Defendant First Capital Real Estate Investments, LLC, is a foreign limited liability company. *Id.*, ¶ 1.2. Defendants Suneet Singal and Majique Ladnier are residents of California. *Id.*, ¶ 1.3. The amount in controversy is at least $1,265,220.53. *Id.*, ¶¶ 4.6, 4.12, 4.18.

## DISCUSSION

*Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of

summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S at 323-24.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Id.* at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted). The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016).

*Contract Claims*

Red Lion asserts that Defendants entered into the FLAs and guaranty agreements for three franchise entities, failed to make timely payments, and then abandoned the hotels in question, allowing Red Lion to invoke the early termination provision of the FLAs. ECF No. 30 at 11-13. By invoking the FLAs' early termination provision, Red Lion claims it is entitled to damages based on the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~3

liquidated damages clause of the FLAs. *Id.* Pursuant to the guaranty agreements that Defendants signed, Red Lion argues that Defendants owe Red Lion the money due from early termination, which includes payment of (1) past due licensing fees and (2) lost profits from the early termination of the 20-year licensing agreement, based on a calculation of the hotels' prior revenue. *Id.*

Defendants do not dispute the nature of their contractual obligations under the FLAs or guaranty agreements. ECF No. 37 at 7. They admit that they formed individual limited liability companies to manage each property, signed guaranty agreements promising Defendants would pay if the individual companies could not, and that Red Lion lawfully terminated the FLAs pursuant to the early termination clause of each FLA. *Id.* at 5-7. Defendants also do not dispute the amount that Defendants owe in past due licensing fees. *See* ECF No. 38 at 5.

The Defendants do dispute the enforceability of the liquidated damages clause to compensate Red Lion for the damages it suffered from early termination of the FLAs, arguing that the amount due under that clause constitutes an unenforceable penalty. ECF No. 37 at 8-14. Therefore, the Court finds that there is no contention that Red Lion has satisfied the following elements of its claims against Defendants: the Defendants entered into guaranty agreements for the three limited liability companies on the FLAs; Red Lion properly acted on the early termination clause of the FLAs; Defendants are liable for early termination of the FLAs under the guaranty agreements; Defendants abandoned their affirmative defense of unclean

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~4

hands; and Defendants owe Red Lion $614,101.47 in past due charges with interest, calculated pursuant to 28 U.S.C. § 1961(a). The remaining issue is whether the liquidated damages clause is enforceable.

*Assessment of Amount Owed Under Liquidated Damages Clause*

Defendants argue that the liquidated damages clauses in the three FLAs are unenforceable and unconscionable penalties. ECF No. 37 at 8. Defendants also contend that Red Lion's claims cannot be decided on summary judgment because the amount of Red Lion's claimed damages is a material fact still in dispute. *Id.* at 9.

Red Lion argues that Defendants' penalty defense is an affirmative defense that should have been pleaded in Defendants' answer; that Defendants failed to timely amend their answer to plead their unconscionability defense; and that the Court should strike the defense. ECF No. 41 at 11. Red Lion also argues that the liquidated damages clauses in the parties' FLAs are reasonable, enforceable, and appropriately resolved at summary judgment. *Id.* at 6-10.

**A. Applicable Law**

When a federal court sits in diversity, "the law to be applied . . . is the law of the state." *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). A court first asks whether a Federal Rule of Civil Procedure or a federal law governs. *In re Cty. of Orange*, 784 F.3d 520, 527 (9th Cir. 2015). If one does, then

the court applies the federal law or rule "as long as it is constitutional and within the scope of the Rules Enabling Act." *Id.*

The Court is faced with two issues in this motion: (1) whether the affirmative defense claiming that the liquidated damages clauses constitute a penalty was timely pleaded by the Defendants; and (2) whether the liquidated damages clauses constitute unenforceable penalties. The Court addresses the applicable law of each issue in turn.

Regarding the timeliness of Defendants' affirmative defense, Federal Rule of Civil Procedure 8 governs. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "While state law defines the nature of the defenses, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982). Thus, the Court finds that federal procedural law applies to the timeliness of Defendants' affirmative defense of penalty.

Regarding the test that determines whether the liquidated damages clause in this case is an unenforceable penalty, no federal law applies. The Court applies extensive Washington case law regarding the enforceability of liquidated damages

clauses and whether those clauses are unenforceable penalties.[1] *See Watson v. Ingram*, 881 P.2d 247, 249 (Wash. 1994).

**B. Untimely Affirmative Defense**

When filing an answer to a complaint, "a party must affirmatively state any . . . affirmative defense." Fed. R. Civ. P. 8(c)(1). While a failure to plead an affirmative defense normally results in waiver of the defense, "[i]n the absence of a showing of prejudice, . . . an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Commonwealth of the N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997). Mere delay in asserting the affirmative defense is not enough for a court to strike the defense; the party must show that it was prejudiced by the delay. *See Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997).

Red Lion argues that Defendants failed to allege that the liquidated damages clauses constitute penalties as an affirmative defense in Defendants' answer to the Complaint and that, accordingly, the Court should strike the defense. ECF No. 41 at 11. Red Lion argues that it would be prejudicial to allow the defense now, as the

---

[1] Both parties apply Washington law in their motions. *See* ECF No. 37 at 8-12; ECF No. 41 at 3-8.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~7

deadline for Defendants to amend their answer has passed, discovery is complete, and trial is approximately five months away. *Id.* at 11-12 (citing *Healy Tibbitts*, 679 F.2d at 804 (new affirmative defense may be alleged in summary judgment motion only where there is no prejudice to opposing party)).

Red Lion argues that it is prejudiced by Defendants' late affirmative defense because of the expenses that it will accrue in responding to the affirmative defense with third party discovery, additional deposition testimony, and possibly new expert witness reports. ECF No. 41 at 10. Red Lion argues "until now, [Defendants] have provided no notice whatsoever of their intent to use the affirmative defense of penalty in this case." *Id* at 13.

The Court agrees that Red Lion would be prejudiced by allowing Defendants to raise this affirmative defense now. This case was filed in April of 2017. ECF No. 1. Defendants filed their Answer in May of 2017, in which they claimed several other affirmative defenses. ECF No. 9 at 6-7. Defendants had a chance to raise the affirmative defense again when the issue of their other affirmative defenses was litigated in June 2018, but they did not raise the issue then. ECF No. 28 at 3. Defendants had ample opportunity to supplement their answer with the affirmative defense of penalty, yet Defendants failed to raise this defense until now, just a few months out from trial. ECF No. 36 at 9 (setting trial date for January 7, 2019).

Further prejudice would occur because discovery already was closed when Defendants filed their response to Red Lion's Motion for Summary Judgment. ECF

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~8

No. 18 at 1 (setting discovery completion date for May 11, 2018).  In addition, to support this defense, Defendants pleaded new facts previously unraised in this case, including the collapse of the shale oil industry and the economic viability of the hotels in question.  ECF No. 37 at 11-12.  If the Court allowed Defendants to plead this defense, discovery would have to reopen, and the trial likely would need to be continued in order to permit Red Lion adequate time to prepare for Defendants' penalty defense.

In light of all these factors, the Court finds that Defendants' delay in asserting its penalty defense is both untimely and prejudicial.  Therefore, the Court does not grant leave to raise this defense at this late date.  However, even though the Court is not allowing this affirmative defense to go forward, the Court will analyze the merits of Defendants' penalty defense for the purposes of making a complete record in this case.

**C. Enforceability of Liquidated Damages Clause**

In this case, the liquidated damages provision in each FLA states, in part:

> If the Hotel has been open for less than twenty four (24) months, then in calculating the Termination Fee we will multiply thirty-six (36) by the Average Monthly Fees at the rate of eight and one half percent (8.5%) of Gross Rooms Revenue, from the Opening Date through the month immediately preceding the month of termination.

ECF No. 34-1 at 39.

Red Lion argues that all the parties were sophisticated business people and that Defendants negotiated the terms of the franchising licensing agreements,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~9

including the liquidated damages provisions. ECF No. 41 at 5, 8. Using this liquidated damages provision, Red Lion argues that the damages owed by Defendants are $396,118.08 for the Farmington Hotel, $146,882.52 for the Gallup Hotel, and $140,663.52 for the Grants Hotel. ECF No. 30 at 17.

Defendants do not dispute Red Lion's damages calculations. Instead, they argue that the liquidated damages provision is unenforceable as written because it bears no reasonable relationship to the actual harm to Red Lion. ECF No. 37 at 11. Defendants argue that the clause constitutes an unfair penalty in light of the decline in the Gross Rooms Revenue ("GRR") from the beginning of the arrangement; the hotels' status being in the red when Defendants took over operation of the hotels; Defendants' personal expenditures to "breathe life" into the hotels; and the plummet of clientele due to the shale oil market crash. *Id.* at 11-12. Defendants argue that the Court can modify the liquidated damages clause to a better calculation of damages under the FLAs' "Severability and Interpretation" clause. *Id.* at 12-13. The "Severability and Interpretation" clause, in part, reads:

> If any provision of this Agreement is held unenforceable due to its scope, but may be made enforceable by limiting its scope, the provision will be considered amended to the minimum extent necessary to make it enforceable.

ECF No. 33-1 at 28. According to Defendants, this provision allows the Court to amend or "blue line" the liquidated damages clause to a better calculation of damages. ECF No. 37 at 12-13.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~10

In reply, Red Lion urges the Court to enforce the liquidated damages provision as written because the provision was reasonable at the time of contracting. ECF No. 41 at 6-7. Red Lion claims that the facts on which Defendants rely are irrelevant because they all concern events occurring after the parties signed the FLAs. *Id.* Additionally, Red Lion argues that it would make substantially more money if the hotels had continued to operate over the remaining 18 years on the agreement, even at their lowest rate of revenue showing, illustrating that the damages calculations here are reasonable. *Id.* at 9-10.

"Whether the liquidated damages clause is enforceable, or is punitive and unenforceable, is a question of fact to be determined under the circumstances of the particular case." *Pettet v. Wonders*, 599 P.2d 1297, 1301 (Wash. Ct. App. 1979). Washington courts rely on a two part test to determine the enforceability of a liquidated damages clause. *Watson v. Ingram*, 881 P.2d 247, 249 (Wash. 1994).

> First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment.

*Id.* (citing *Walter Implement, Inc. v. Focht*, 730 P.2d 1340, 1343 (1987)). "Such clauses are favored by the courts and are rarely construed as a penalty." *Nw. Acceptance Corp. v. Hesco Constr., Inc.*, 614 P.2d 1302, 1306 (Wash. Ct. App. 1980).

The "enforceability of a liquidated damages clause in a commercial transaction rests on whether the liquidated sum is a reasonable preestimate of loss."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~11

*Wallace Real Estate Inv., Inc. v. Groves*, 881 P.2d 1010, 1019 (Wash. 1994). "It is sufficient that the amount specified as liquidated damages is a reasonable forecast of the compensation necessary to make the seller whole should the buyer breach." *Id.* at 1017-18. Another consideration in determining the reasonableness of a liquidated damages clause is party sophistication, which "may point to the increased enforceability of liquidated damages provisions in commercial agreements." *See id.* at 1018.

The Court finds that the liquidated damages clauses in the FLAs are enforceable as written. First, the liquidated damages clauses are a reasonable forecast of compensation for harm caused by the breach. Defendants, as parties who "specialize[] in turning around failing real estate projects," knew of the risks associated with the hotels in question, and agreed to the liquidated damages provision. ECF No. 38 at 1-2; *see also Wallace Real Estate Inv.*, 881 P.2d at 1018-19 (holding that increased party sophistication makes liquidated damages clauses more likely to be enforceable). Indeed, Defendants demonstrated their expertise when they negotiated other terms in the FLAs and received concessions from Red Lion. ECF No. 30 at 5-6. Defendants had the ability to negotiate more favorable liquidated damages clauses with Red Lion if they were concerned about early termination, but they entered the agreement with these terms.

Defendants' argument that the liquidated damages provision is unreasonable is unpersuasive. Defendants rely on facts that occurred subsequent to the signing of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~12

the FLAs. "The central inquiry is whether the specified liquidated damages were reasonable at the time of contract formation." *Watson*, 881 P.2d at 251. Defendants claim the liquidated damages provision is unreasonable because hotel revenues plummeted from the moment that they began operation, and then the shale oil market crashed, but these things occurred after they signed the FLAs. ECF No. 37 at 11-12. The Court will not change a term in an agreement negotiated between sophisticated parties just because the agreement did not work for some of the parties. *See Wallace Real Estate Inv.*, 991 P.3d at 1018-19.

Further, Defendants argue that "a better forecast of Red Lion's damages and a conscionable liquidated damages provision requires looking at the GRR immediately preceding the termination of the FLAs," and, under the "Severability and Interpretation" clause, asks the Court to modify the liquidated damages clause accordingly. ECF No. 37 at 11-13. Regardless of whether this calculation is "better," the Court does not need to find that the liquidated damages clause is the "best" way of calculating damages; just that it is a reasonable one. *See Watson*, 881 P.2d at 250 ("the nonbreaching party must only establish the reasonableness of the agreement"). Even if there was another, "better" way of calculating damages available to the parties, the other calculation bears no relevance to the enforceability of the calculation that the parties agreed to upon contracting.

For the foregoing reasons, the Court finds that the liquidated damages clause in the FLAs is reasonable.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~13

Turning to the second factor in Washington's test for liquidated damages, the Court must find that the harm was "incapable or very difficult of assessment" at the time of contracting. *Watson*, 881 P.2d at 249. The parties agree that the FLAs involved inherent risks for both parties, given the failing state of the hotels at the time and their location in difficult markets. ECF No. 37 at 5. Further, Washington courts have recognized that the real estate market is an area in which liquidated damages provisions are reasonable. *Watson*, 881 P.2d at 251-52. Given that these FLAs were for 20-year licensing terms in volatile locations, the Court finds that the harm was "incapable or very difficult of assessment" at the time of contracting. *Id.* at 249. The liquidated damages provision was reasonable when made. Given the sophistication of the parties and Washington law, the Court finds that the clauses are enforceable as written. *Ashley v. Lance*, 493 P.2d 1242, 1246 (Wash. 1972).

The Court finds that Defendants may not raise the issue of unconscionable penalty at this stage in the proceedings. Even if such a defense had been timely raised, the Court finds that no dispute of material fact exists that the liquidated damages clauses constitute unconscionable penalties. Therefore, Red Lion is entitled to summary judgment for the entirety of its claims.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 30**, is **GRANTED.**

2. Judgment shall be entered for Plaintiff, Red Lion, in the amount of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~14

**$1,297,765.58**, plus interest, calculated as set forth in 28 U.S.C. § 1961(a) to the date of this Order.

The District Court Clerk is directed to enter this Order, enter judgment for the Plaintiff, Red Lion as directed, provide copies to counsel, and **close this case**.

**DATED** September 6, 2018.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           United States District Judge